UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHIGNTON
AT TACOMA

| | |
|---|---|
| Jubilee Lawhead, individually and on behalf of all others similarly situated<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br><br>CENTURYLINK, INC.<br>　　　　　Defendant | Civil Action No.: 3:17-cv-5487<br><br>JURY DEMAND<br><br><br>COMPLAINT---CLASS ACTION<br><br><br>FRAUD, UNJUST ENRICHMENT AND WASHINGTON CONSUMER PROTECTION CLAIMS |

<u>PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT</u>
<u>AND JURY DEMAND</u>

Renee Garcia, individually and on behalf of all other similarly situated, bring this action against Centurylink, Inc.  This action is filed for the defendant's engagement in a scheme which unjustly enriched them through fraud and violations of Washington State Law.  Plaintiff alleges as follows:

<u>**PARTIES**</u>

1. At all times material herein, Plaintiff is an individual who resides in Clark County, Washington.

2. Defendant **CENTURYLINK, INC. ("CenturyLink")** is a Lousiana corporation who conducts business in Washington, and may be served through its registered agent, CT Corporation Company, at 711 Capitol Way S STE 204, Olympia, Washington 98501.

Class Action Complaint P a g e | 1

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

**JURISDICTION**

3. This Court has federal question jurisdiction over this case under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Additionally, this Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because there is at least minimal diversity of one Plaintiff and Defendant that are citizens of different states, there are more than 100 members of the class and the aggregate amount in controversy exceeds $5,000,000, exclusive of attorneys' fees, interest, and costs.

4. Furthermore, jurisdiction is proper in this Court under the doctrine of pendent jurisdiction for the other Washington claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because they have contracted with residents of the District through their sales with residents of the District; (iii) Plaintiff reside in this District, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

6. On June 14, 2017, former CenturyLink employee Heidi Heiser courageously filed a whistleblower complaint in the Superior Court of Arizona alleging that she was terminated for reporting to her supervisors and the CEO unlawful billing practices she observed and refused to take part in as a sales representative. Attached hereto as Exhibit A is a true and correct copy of Ms. Heiser's whistleblower complaint.

7. Ms. Heiser's allegations of what she observed, and what the CenturyLink corporate culture encouraged, are consistent with the experiences of hundreds of thousands and potentially

Class Action Complaint P a g e | 2

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

1    millions of consumers who have been defrauded by CenturyLink.  It is estimated that the

2    damages to consumers could range between $600 million and $12 billion, based on

3    CenturyLink's 5.9 million subscribers.

4    8.  A digital revolt against CenturyLink's fraud has been fomented by subscribers on social media

5    and consumer watchdog websites.

6    9.  By way of example, the following consumer complaints are emblematic of CenturyLink's

7    fraudulent practices:




10.  CenturyLink rarely takes responsibility for its billing practices, and instead tries to shift

responsibility to consumers.  Online screenshots by some of Defendant's victims demonstrate

a pattern and practice of blaming consumers for failing to identify CenturyLink's own fraud.

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

1    By way of example, an outraged subscriber posted the following communication on social

2    media:



20    11. Subscribers also have posted their written communications complaining of CenturyLink

21    creating and billing for duplicate accounts.  Upon complaining, CenturyLink blamed the

22    subscriber or implied that the subscriber was somehow under "fraud review." For example,

23    one subscriber posted the following communication regarding CenturyLink's duplicative

24    billing:

27    Class Action Complaint P a g e  | 4

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20



21  12. These screenshots are not outliers.  Attached hereto as Exhibit B is small sample of the

22      thousands of pages of consumer complaints, primarily focused on fraudulent billing practices,

23      lodged on Consumer Affairs' website. The amount of complaints is so vast it exceeds the

24      maximum file size for the Court's Electronic Filing System (ECF).   Many consumers state

25      that the only reason they rated CenturyLink with "one star" was that "zero stars" is not an

26      option  (https://www.consumeraffairs.com/cell_phones/centurylink.html).         Additionally,

27      Class Action Complaint P a g e  | 5                    WALSH PLLC
                                                                PO BOX 7, BLY OREGON 97622
                                                                PH541.359.2827 FAX866.503 8206
                                                                bonner@walshpllc.com

attached hereto as Exhibit C is a true and correct copy of a Reddit thread responding to recent reporting of Ms. Heiser's complaint from consumers and other former employees and technicians describing the conduct alleged herein. (https://www.reddit.com/r/news/comments/6hon4l/centurylink_is_accused_of_running_wells _fargolike/?st=J41YD4QQ&sh=5a66cd7a).

13. Further, searching Twitter and Facebook under searches that include the word "CenturyLink" with any number of additional keywords—"scam," "fraud," "ripoff," and "bill"—provides unprecedented levels of discord, desperation, and demands from victims to remedy CenturyLink's unlawful practices. Further a search on Google of "CenturyLink Complaints," provides similar results.

14. Upon information and belief, at least one State's Attorney General has investigated and entered into an "assurance of discontinuance" with CenturyLink which prohibits the conduct described herein, however the conduct remains ongoing.

15. The offending and unlawful conduct by CenturyLink, throughout the United States, includes, but is not limited to:

- Billing consumers for phone lines or service items never requested by consumers;
- Billing consumers higher rates than the rates quoted during sales calls;
- Billing consumers early termination fees when they cancelled the services due to higher rates;
- Billing consumers when they cancelled their service upon learning the quality was not how CenturyLink had represented it;
- Billing consumers for periods of service before the service was connected, products never received, and consumers received no credit for these charges;
- Billing consumers for services and products that the consumer never requested without giving the consumer a credit for these charges;

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

- Failing to process consumers' service cancellation requests in a timely manner and billing them for the period of the time the service remained connected following the request for cancellation, without providing a credit for this time period; and

- Charging consumers full price for leased modems that consumers returned to CenturyLink within the required timeframe, and then referring the consumers account to collections when the consumer refused to pay for the returned modem.

## JUBILEE LAWHEAD

16. Jubilee Lawhead, is a stay at home mom who cares for her young daughter and 8-year-old son. She is homeschooling her son and needs internet capabilities to further his education.

17. Mrs. Lawhead is a CenturyLink customer, and she relies on CenturyLink to provide internet and phone service to her home.

18. When Mrs. Lawhead signed up she was told that she was signing up for a single residential line and internet that would deliver 10 mb/s speeds.  This service was request to begin on or about March 3, 2017, but did not actually begin until on or about March 24, 2017.  Mrs. Lawhead was told that her service would cost 55.95 per month.

19. Days after the service began, and before a landline had even been run to her newly constructed home Mrs. Lawhead received a bill for $74.47.

20. Then the next month Mrs. Lawhead received a bill for $216.81 (including the previous months disputed bill that was now reduced by $13.50).  Here she learned that she was now being charged for an additional home and business line that she did not request.

21. After multiple follow ups with CenturyLink the amount still is not as represented, but CenturyLink has now removed several of the items that Mrs. Lawhead never requested.

22. Though Mrs. Lawhead was promised and sold an internet package that was to deliver 10 mb/s it has never approached those speeds.  Using CenturyLink's own speed testing tools, Mrs. Lawhead has often observed 1mb/s to 2 mb/s speeds and has never seen speeds that have

Class Action Complaint P a g e  | 7

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

exceeded 8.5 mb/s.  The internet service is generally spotty, seems to never reach the promised speeds and is unreliable.

23. Mrs. Lawhead is far from alone in Washington in her issues with Century link.  Since 2013 there have been more than 1500 consumer complaints to the Washington Attorney General's Office.

24. All told, Mrs. spent approximately 20 hours communicating with CenturyLink to resolve the numerous issues with her service, and is still in the process of disputing phony charges.

## CLASS ACTION ALLEGATIONS

25. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this suit individually and as representatives of a class of similarly situated persons.  The court should enter an order to certify a plaintiff class as follows:

All individuals who made a payment to CenturyLink from 2013 to the time of the filing of this complaint where charges were assessed that were not owed.

26. Specifically excluded from the class are all Federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant, and all employees of any Defendant.

27. The proposed Plaintiff class meets the prerequisites of a class.

28. The class is so numerous that joinder of all members is impracticable.  Plaintiff are unable to state the exact number of the members of the class without the discovery of information available to Defendant, but upon information and belief, aver that there are millions of class members. The number of the members of the class makes it impracticable to bring them all before the court.  There are questions of law and fact common to the class.  These questions

Class Action Complaint P a g e | 8

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

predominate over any questions affecting only individual members of the class.  The questions of fact and law affecting the class as a whole, include, but are not limited to:

- whether Defendant billed consumers early termination fees when they cancelled the services due to higher rates;

- whether Defendant billed consumers when they cancelled their service upon learning the quality was not how CenturyLink had represented it;

- whether Defendant billed consumers for periods of service before the service was connected;

- whether Defendant billed consumers for products never received;

- whether Defendant failed to give consumers credit for these charges they did not incur;

- whether Defendant billed consumers for consumers for services and products that the consumer never requested without giving the consumer a credit for these charges;

- whether Defendant failed to process consumers' service cancellation requests in a timely manner and billed them for the period of the time the service remained connected following the request for cancellation, without providing a credit for this time period; and

- whether Defendant billed consumers full price for leased modems that consumers returned to CenturyLink within the required timeframe, and then referring the consumers account to collections when the consumer refused to pay for the returned modem.

- whether Defendant billed consumers for phone lines or service items never requested by consumers;

- whether Defendant billed consumers higher rates than the rates quoted during sales calls;

- whether Defendant should be permanently enjoined under the Washington Consumer Practices Act from engaging in the same or similar conduct;

Class Action Complaint P a g e | 9

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

- whether the members of the plaintiff classes are entitled to restitution, restoration of property and/or rescission;

- whether Defendant's conduct was committed knowingly;

- whether Defendant's conduct was committed intentionally;

- the amount of the liability of the Defendant;

- whether the members of the Plaintiff classes are entitled to prejudgment and/or post-judgment interest;

- whether Defendant's violations entitle the class to recover from Defendant attorney's fees;

- whether Defendant's violations entitle the class to recover treble damages;

- whether Defendant engaged in common law fraud;

29. Plaintiff's claims are typical of the claims of the class.  The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories.  It is the same course of conduct that serves as the gravamen of the claims against Defendant.  The members of the class have suffered the same type of injury and possess the same interests as Plaintiff.  The single resolution of these claims would be preferable to a multiplicity of similar actions.

30. Plaintiff, as the representative party, will fairly and adequately protect the interests of the class.  The counsel representing Plaintiff and the class are qualified, experienced and able.

31. This suit is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

32. This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting

Class Action Complaint P a g e  | 10

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

1  only individual members, and a class action is superior to other available methods for the fair

2  and efficient adjudication of the controversy.

3  33. *Predominance*.  The questions of law or fact common to the members of the class predominate

4  over any questions affecting only individual members.  The facts that are disputed will be

5  resolved without the participation of individual class members.  Plaintiff's claims do not

6  present individual questions of causation or reliance.  The facts of Defendant' practices are

7

8  common to all members.

9  34. *Superiority*.  A class action is superior to other available methods for the fair and efficient

10  adjudication of this controversy.  Given the large size of the class, individual adjudication of

11  the claims would require hundreds of lawsuits.  Moreover, intervention and joinder would

12  require the intervention or joinder of hundreds of parties.  Individual adjudication, intervention,

13  and joinder, therefore, are not reasonable options.  Class treatment is superior to all other

14

15  methods of adjudicating the claims of the putative class.

16  35. *Individual control*.  The interests of members of the class in individually controlling the

17  prosecution or defense of separate actions do not outweigh the benefits of class treatment.

18  Members of the class possess claims for economic damages that in most instances do not

19  exceed a few thousand dollars.  Thus, no individual class member possesses an overriding

20  interest in the right to retain counsel and litigate to conclusion an individual claim.  In fact,

21  individual adjudication of these claims remains wholly impractical.  The class members would

22

23  be compelled to spend substantially more money on attorney's fees and case costs to prosecute

24  their individual claim than the amount of each individual claim.  The interest of members of

25  the class in individually controlling the prosecution or defense of separate actions, therefore,

26  does not outweigh the benefits of class treatment.

27  Class Action Complaint P a g e  | 11

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

36. *Other factors.*  On information and belief, there are few pending by or against members of the class raising the claims asserted herein and Plaintiff will file a notice of other actions in other jurisdictions as required under LCR 3.  This Court is the desirable forum for this controversy because the Defendant transacts business in this District.  No significant difficulties are likely to be encountered in the management of a class action.  Plaintiff will be able to identify class members through discovery of Defendant's extensive computer databases storing information regarding past and present consumer clients.  Thus, no difficulties exist regarding the identification of class members.

## FIRST CAUSE OF ACTION
### FRAUD

37. Plaintiff realleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38. As alleged hereinabove, CenturyLink, through its employees and agents, has engaged in a pattern and practice of fraudulent activity, including but not limited to affirmative misstatements of fact and fraud by omission of other material facts.

39. Specifically, on information and belief, CenturyLink agents took orders or service requests and represented to the customers making such requests that they were fulfilling the requests and assigning just those services the customers had requested.

40. On information and belief, such agents knew at the time they made such representations, or at times thereafter, that they were actually engaging in unlawful conduct as described above.

41. Defendant was aware of the falsity of the representations alleged herein or the falsity of the perceptions created by the omissions alleged herein.

42. Plaintiff and class members were not aware of the falsity of the representations or of the falsity of the perceptions created by the omissions alleged herein.

43. Defendant intended that Plaintiff and class members rely upon the false representations and/or omissions alleged herein.

Class Action Complaint P a g e | 12

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

44. The misrepresentations and/or omissions were material to Plaintiff and class members in making decisions about opening accounts and purchasing services from Defendant, including decisions whether to continue doing business with CenturyLink.

45. Plaintiff did actually rely upon the false representations and/or omissions and such reliance was justifiable and reasonable under the circumstances.

46. Plaintiff were harmed as a result of their reliance and have suffered economic losses. Plaintiff are entitled to recover damages against Defendant for such losses.

**SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT.**

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48. The Washington Consumer Protection Act, RCW 19.86 *et. seq.*, restricts companies from committing deceptive or unfair acts or practices in either trade or commerce and declares them unlawful. *See* RCW 19.86.020.

49. Defendant's fraudulent charges in the sales of their services was in violation of the Washington Consumer Protection act. The use of these tactics was an unfair and/or deceptive act.

50. Defendant's use and concealment of the fraudulent charges caused each class member substantial harm.

51. Defendant's violations entitle each class member to their costs, attorney fees, and damages in an amount to be determined at trial. *See* RCW 19.86.090. Plaintiff' are also entitled to both pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION UNJUST ENRICHMENT**

52. Plaintiff realleges and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

Class Action Complaint P a g e | 13

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

53. As a result of Defendant unlawful and deceptive practices described above, Defendant have been unjustly enriched in retaining revenues derived from Plaintiff' and class members' payments for Defendant' services. Retention of that revenue under these circumstances is unjust and inequitable because Defendant used illegal, deceptive, and unfair business practices to induce or force customers to open, purchase, and/or maintain services and products.

54. Because Defendant' retention of the non-gratuitous benefits conferred on it by Plaintiff and class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein, and upon final trial of this cause, the Court issue judgment that Plaintiff have and recover against Defendant:

a)      actual damages;

b)      statutory damages;

c)      treble damages;

d)      disgorgement of profits;

e)      injunctive relief as set out above;

f)      pre-judgment and post-judgment interest at the highest legal rate;

g)      legally-available reasonable and necessary attorneys' fees;

h)      costs; and

i)      all other relief, general and special, legal and equitable, to which Plaintiff and the Plaintiff Class are entitled.

Class Action Complaint P a g e  | 14

WALSH PLLC
PO BOX 7, BLY OREGON 97622
PH541.359.2827 FAX866.503 8206
bonner@walshpllc.com

1

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

2

3                                        Respectfully submitted June 23, 2017,

4                                        By:   s/ Bonner C. Walsh
                                         Bonner C. Walsh, WSB #48915
5                                        WALSH PLLC
                                         PO Box 7
6                                        Bly, OR 97622
                                         TEL   541.359.2827
7                                        FAX   866.503.8206

8                                        Michael Fuller (pending *pro hac vice*)
                                         Olsen Daines PC
9                                        US Bancorp Tower
                                         111 SW 5th Ave., Suite 3150
10                                       Portland, Oregon 97204
                                         michael@underdoglawyer.com
11                                       Telephone: 503-201-4570

12                                       Mark Geragos (pending *pro hac vice*)
13                                       Ben Meiselas (pending *pro hac vice*)
                                         Geragos & Geragos
14                                       Historic Engine Co. No. 28
                                         644 South Figueroa Street
15                                       Los Angeles, California 90017
                                         geragos@geragos.com
16                                       Phone 213-625-3900

17

18                                       ATTORNEYS FOR PLAINTIFF

19

20

21

22

23

24

25

26

27    Class Action Complaint P a g e | 15                WALSH PLLC
                                                         PO BOX 7, BLY OREGON 97622
                                                         PH541.359.2827 FAX866.503 8206
                                                         bonner@walshpllc.com